```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

CHAD NATHAN BARROWS,           )
          Petitioner,          )
                               )
     v.                        ) Civ. No. 04-11595-GAO
                               )
ATTORNEY GENERAL for           )
the United States              )
Department of Justice, et al.; )
          Respondents.         )
```

## MEMORANDUM AND ORDER

For the reasons stated below, Barrows shall (i) pay the $5 filing fee for this action or submit an application to proceed without prepayment of fees; and (2) demonstrate good cause why this action should not be dismissed.

## FACTS

On June 7, 2004, petitioner Chad Barrows, an inmate at the Cumberland County Jail in Portland, Maine, submitted a habeas petition bearing the caption of the District of Maine. He did not submit the filing fee or an application to proceed without prepayment of fees. A few days later, on June 10, 2004, a deputy clerk of this Court returned the date-stamped petition to Barrows because the a search of PACER indicated that Barrows had filed an identical petition in the District of Maine in February 2004, and had recently appealed the dismissal of that petition to the First Circuit. See Docket No. 2. The letter informed Barrows that if he did intend to file the petition in this Court, he should return the date-stamped

petition with the $5 filing fee or an application to proceed without prepayment of fees. On July 14, 2004, Barrows submitted a copy of his petition with a letter excoriating the deputy clerk for returning his petition. The petition was filed in this Court with a filing date of June 7, 2004.

Barrows challenges the November 19, 1999 revocation of his probation stemming from convictions in Salem District Court for violating a restraining order. Petition, p. 2. He asserts that he initially was charged with three counts of violating the restraining order and received sentences of nine months, thirty days committed for the first violation and two years of probation for the remaining violations, all of which were to run concurrently. Petition p. 3-4; Commonwealth v. Bartos, 785 N.E.2d 1279, 1281, 57 Mass. App. Ct. 751, 752 (2003). It appears that Barrows' parole was revoked and he was committed to two-year terms in a house of correction. Commonwealth, 785 N.E.2d at 1281, 57 Mass. App. Ct. at 752.

He claims that the Appeals Court denied his appeal on April 9, 2003, and that the Supreme Judicial Court denied his application for further appellate review on June 5, 2003. Id. Barrows does not state why he is currently confined at the Cumberland County Jail. Id.[1]

---

[1] However, PACER indicates that Barrows was convicted in April 2004 of two criminal counts involving firearms violations and was scheduled to be sentenced on July 20, 2004. United States v. Bartos

ANALYSIS

I.   Barrows Must Pay the Filing Fee or Seek a Waiver of It

A party filing a Section 2254 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees. See 28 U.S.C. § 1914(a) (filing fees); § 1915 (proceedings in forma pauperis). An application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 Cases (if a petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2). For the convenience of litigants, this Court provides a standardized form for fee waiver applications. Because Barrows has not submitted the filing fee or an application to waive it, he shall be granted additional time to do so. Further, because this petition appears to be subject to dismissal, he shall also demonstrate good cause why the petition should not be dismissed for the reasons stated below.

II.  The Court May Screen This Petition

Under Rule 4(b) of the Rules Governing Section 2254 Cases, the

---

(Barrows), C.R. No. 02-00107-GC; accord Commonwealth, 785 N.E.2d at 1283, 57 Mass. App. Ct. at 755 (stating that Bartos/Barrows had already served his sentence).

Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

> A. Expired State Convictions Generally
>    Are Not Subject to Collateral Review

Under Section 2254, district courts may entertain applications for habeas corpus from petitioners who are "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" language of Section 2254 requires that habeas petitioner be "in custody" under the conviction or sentence under attack at the time petition is filed. Maleng v. Cook, 490 U.S. 488, 490-491 (1989).

A party is not in custody for purposes of establishing jurisdiction for federal post-conviction relief when he seeks to challenge a sentence that has fully expired at the time the petition

is filed, even if the expired conviction has been used to enhance a sentence imposed under a subsequent conviction. See Lackawanna County District Atty. v. Coss, 532 U.S. 394, 403-404 (2001). Thus, to the extent that Barrows is seeking to challenge his 1999 state court convictions, all of which appear to be expired, this Court lacks jurisdiction over his claims and must dismiss this action. United States v. Michaud, 901 F.2d 5, 6-7 (1st Cir. 1990) (affirming dismissal); accord Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987) (citation omitted) (sentence that has been fully served does not satisfy the custody requirement of the habeas statute despite the collateral consequences that generally attend a criminal conviction).

## CONCLUSION

ACCORDINGLY, Barrows shall pay the $5 filing fee or submit an application to waive the filing fee within 42 (forty-two) days or this action shall be dismissed without prejudice. If Barrows pays the fee or seeks a waiver of it, he shall also demonstrate good cause why this action should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 13th day of August, 2004.

    s/ George A. O'Toole, Jr.
    GEORGE A. O'TOOLE, JR.
    UNITED STATES DISTRICT JUDGE